**LITTLER MENDELSON, P.C.**
Lauren Jill Marcus, Esq. (N.J. Bar No. 030012009)
David S. Ostern, Esq. (N.J. Bar No. 336162020)
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: (973) 848-4700
E: LMarcus@littler.com
E: DOstern@littler.com
*Attorneys for Defendant*
*Transdev Services, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMALGAMATED TRANSIT UNION LOCAL 819,<br><br>Plaintiff,<br><br>v.<br><br>TRANSDEV SERVICES, INC.,<br><br>Defendant. | Civil Action No.: 3:23-cv-21841<br><br><br>**NOTICE OF REMOVAL**<br><br>**(VIA ECF)** |

**TO:  THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Defendant Transdev Services, Inc. ("Defendant" or "Transdev") files this

Notice of Removal of the above-captioned action to the United States District Court

for the District of New Jersey, from the Superior Court of New Jersey, Law Division,

Monmouth County, where the action is now pending, as provided by Title 28, United

States Code, Chapter 89 and states:

## STATE COURT ACTION

1.      Plaintiff Amalgamated Transit Union Local 819 ("Plaintiff") commenced this action on October 2, 2023, by filing a Complaint in the Superior Court of New Jersey, Law Division, Monmouth County, captioned "*Amalgamated Transit Union Local 819 v. Transdev Services, Inc.*, bearing Docket No. MON-L-003076-23 (the "State Court Action"), alleging Defendant violated the Millville Dallas Airmotive Plant Job Loss Notification Act, located at N.J.S.A. 34:21-1, *et seq.* (the "NJ WARN Act"). The State Court Action is currently pending in that court.

2.      On October 9, 2023, Defendant acknowledged receipt of the Summons and Complaint. Attached as **Exhibit A** is a copy of the Summons and Complaint served on Defendant. Attached as **Exhibit B** is a copy of the Acknowledgement and Receipt of Service executed by Defendant's counsel.

3.      On October 11, 2023, Plaintiff filed an Amended Complaint and Jury Demand in the Superior Court of New Jersey, Law Division, Monmouth County. Attached as **Exhibit C** is a copy of Plaintiff's Amended Complaint.

4.      The aforementioned documents constitute all "process, pleadings and orders" served upon Defendant in the State Court Action pursuant to 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL

5.      This Notice of Removal is timely filed within 30 days of October 9, 2023, the date on which service was effectuated, as required by 28 U.S.C. § 1446(b).

6.      This Notice of Removal is also filed within one-year of the commencement of the State Court Action and therefore is timely under 28 U.S.C. § 1446(c)(l).

## DIVERSITY JURISDICTION

7.      The United States District Court for the District of New Jersey has diversity jurisdiction over this case based on 28 U.S.C. § 1332. Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* at § 1332 (a)(1). As explained below, both of these requirements are met.

### A.      Citizens of Different States

8.      At the time of filing of the Complaint and at the time of removal, Plaintiff is an individual and purports to be a resident of New Jersey. *See* Ex. A, Complaint, at ¶ 1; *see also* Ex. C, Amended Complaint, at ¶ 1.

9.      At the time of filing of the Complaint and at the time of removal, Defendant is a corporation. For diversity jurisdiction purposes, a corporation such as Transdev is deemed a citizen of its state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the

Supreme Court of the United States in *Hertz Corp. v. Friend*,

> the phrase 'principal place of business' [in 28 U.S.C. § 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters.

130 S. Ct. 1181, 1192 (2010) (citations omitted).

10. Defendant is, and was at the time Plaintiff filed the Summons and Complaint in State Court, a citizen of Maryland and Illinois under 28 U.S.C. § 1332(c). Transdev is incorporated in Maryland and maintains its principal place of business in Lombard, Illinois.

11. Complete diversity exists now and at the time the State Court Action was filed because Plaintiff and Defendant are citizens of different states.

**B.    Amount in Controversy is Met**[1]

12. The matter in controversy in the State Court Action exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a).

13. The Complaint filed by Plaintiff alleges violations of the NJ WARN Act. *See* Exs. A and C.

---

[1] Defendant does not concede that Plaintiff's allegations are true or that his claims have any merit. Defendant provides the following only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff, taken as a whole exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship under 28 U.S.C. §§1332(a) and 1441(a).

14.     Plaintiff does not allege a specific amount of damages in the Complaint or Amended Complaint. Notwithstanding, where removal is based on diversity of citizenship and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy," and the removing defendant need only establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1446(c)(2); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Here, the amount in controversy meets the $75,000 threshold, as follows:

a.     Although Defendant submits that Plaintiff is not entitled to any recovery on any of its claims against Defendant as Defendant did not violate the NJ WARN Act, Plaintiff seeks damages in the form of economic and non-economic compensatory damages, reasonable attorneys' fees, and any other relief the Court deems equitable and just. *See* Ex. C, Amended Complaint, pp. 5, 6, and 8.

b.     Plaintiff alleges that fifty (50) or more employees were permanently laid off in violation of the NJ WARN Act. Assuming Plaintiff's claims have merit, Plaintiff's members who were adversely affected could be entitled to severance equal to one week of pay for each full year of employment and four weeks of additional pay for failure to provide timely notice. Thus, a reasonable estimate of

Plaintiff's economic damages (i.e., lost wages and severance pay), should it prevail, exceeds the sum or value $75,000.00. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

      c.     Plaintiff also seeks compensatory damages, which can add significantly to the amount in controversy. *See e.g.*, *Maiorino v. Schering–Plough Corp.*, 695 A.2d 353, 361-62, 367 (N.J. Super. App. Div. 1997) (affirming a compensatory damages award that included $55,000 for pain, suffering and humiliation in employment termination case); *Klawitter v. City of Trenton*, 928 A.2d 900, 919-20 (N.J. Super. App. Div. 2007).

      d.     Plaintiff also seeks attorneys' fees, which are a "necessary part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action [asserted]." *See Goralski v. Shared Techs., Inc.*, 2009 U.S. Dist. LEXIS 69042, *16 (D.N.J. Aug. 7, 2009) (citation omitted). Attorneys' fees awards can be significant in employment cases. *See e.g.*, *Kluczyk v. Tropicana Prods., Inc.*, 847 A.2d 23, 25-26 (N.J. Super. App. Div. 2004) (affirming damages award in full, including $315,547.45 in counsel fees in discharge case).

      e.     Aggregating these amounts, as is appropriate for evaluating removal based on diversity jurisdiction, the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (aggregating punitive damages and attorneys' fees when

calculating amount in controversy); *see also Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (noting that even on its own, "a request for punitive damages will generally satisfy the amount in controversy requirement[.]").

## VENUE

15.    This Notice of Removal has been filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 110, 1441(a), and 1446(a).

## NOTICE TO PLAINTIFF

16.    Upon filing of the Notice of Removal, Defendant also gave written notice thereof to Plaintiff's counsel, Paul A. Montalbano, Esq. and Brady M. Connaughton, Esq., Cohen Leder Montalbano & Connaughton, River Drive Center II, 669 River Drive, Suite 125, Elmwood Park, New Jersey 07407, pursuant to 28 U.S.C. § 1446(a).

17.    Defendant also filed a copy of this Notice of Removal with the Clerk, Superior Court of New Jersey, Law Division, Monmouth County, pursuant to 28 U.S.C. § 1446(d).

18.    By filing the Notice of Removal, Defendant does not waive any objections to service, jurisdiction, or venue, or any other defenses available at law,

in equity or otherwise.  Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

19.     If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant with an opportunity to present briefing and argument prior to any possible review.

20.     As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under FED. R. CIV. P. 11.

## RELIEF REQUESTED

21.     Defendant requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendant respectfully requests that this action proceed in this Court as an action properly removed to it.

Dated: November 3, 2023

Respectfully submitted,

**LITTLER MENDELSON, P.C.**

*/s/ Lauren Jill Marcus*

Lauren Jill Marcus, Esq.
David S. Ostern, Esq.
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: (973) 848-4700
E: LMarcus@littler.com
E: DOstern@littler.com
*Attorneys for Defendant Transdev*
*Services, Inc.*

4888-1991-6936.2 / 095164-1020

# EXHIBIT A

[PM5168]
COHEN LEDER MONTALBANO & CONNAUGHTON
Paul A. Montalbano, Esq.
Brady M. Connaughton, Esq.
*Attorneys for Plaintiffs*
River Drive Center II
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407

SUPERIOR COURT OF NEW JERSEY
MONMOUTH VICINAGE

| | | |
|---|---|---|
| Amalgamated Transit Union Local 819, | : | LAW DIVISION |
| | : | Civil Action No.: |
| Plaintiffs, | : | |
| | : | |
| v. | : | **COMPLAINT** |
| | : | |
| Transdev Services, Inc., | : | |
| | : | |
| Defendant. | : | |
| | : | |

Plaintiff, Amalgamated Transit Union Local 819 (hereinafter "Local 819" or "Union") with a business address of 186 Brookside Avenue, Irvington, New Jersey 07011, complaining of Defendant, Transdev Services, Inc. ("Transdev") with business addresses of 830 Old Corlies Avenue, Neptune, New Jersey 07753, hereby state:

**PARTIES**

1. Amalgamated Transit Union Local 819 is a labor organization and exclusive representative of employees who are/were employed at Transdev Services, Inc.'s location located in Neptune, New Jersey.

1

2.      Transdev Services, Inc. ("Transdev") is an international transportation company which employs approximately 102,000 employees globally.

3.      Transdev is a corporation which operates in forty-six (46) states, including New Jersey, and employs approximately 32,000 employees in the United States.

4.      Transdev is an operator and integrator of multiple modes of public transportation.

5.      Transdev operates an office located at 830 Old Corlies Avenue, Neptune, New Jersey 07753 ("Neptune location").

6.      Local 819 is the exclusive bargaining representative of the bus operators, mechanics and other employees employed by Transdev at the Neptune, New Jersey facility.

7.      Non-party to this action, New Jersey Transit has, over approximately the past thirty (30) years, maintained a contract with Transdev which was most recently renewed in or about January 2021 wherein Transdev operated the NJT Monmouth County Area Local Bus Service.

8.      Transdev has operated this contract in Monmouth County for NJT for approximately 30 years.

## JURISDICTION

9.      This Court has jurisdiction over this matter pursuant to the Millville Dallas Airmotive Plan Job Loss Notification Act, N.J.S.A. 34:21-1 et seq. ("NJ WARN Act").

10.     Venue is properly laid as Defendant is or was doing business in the State of New Jersey and has a place of business at 830 Old Corlies Avenue, Neptune, County of Monmouth, State of New Jersey 07753.

## FACTUAL ALLEGATIONS

11.     Transdev is an employer which employs more than one hundred (100) employees in the State of New Jersey and in the United States.

2

12. On or about August 2, 2023, Transdev advised fifty (50) or more employees employed at the Neptune location that they were being permanently terminated from employment.

13. There were more than fifty (50) or more employees reporting to the Neptune location who received notice of such lay off.

14. As set forth in N.J.S.A. 34:21-6, Local 819 is the authorized representative of aggrieved employees employed at Transdev who were advised that their employment was being terminated.

## COUNT I

15. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if full set forth herein.

16. On or about September 30, 2023, Transdev conducted a permanent mass layoff of fifty (50) or more employees at its Neptune location.

17. On or about August 2, 2023, Transdev's Regional Director of Human Resources Sheila Talley provided the Neptune location employees, as well as its exclusive negotiations representative Local 819, through President/Business Agent, Veronica Cobb, with a notice that Transdev was ending its relationship with New Jersey Transit effective September 30, 2023.

18. Transdev also advised that effective September 30, 2023, all Monmouth County routes operated by Transdev were being permanently shut down and all employees in positions affected by the shutdown were being permanently laid off.

19. Transdev provided the Neptune, New Jersey employees whose employment was terminated with fifty-nine (59) days' notice of their permanent layoff.

20. NJ WARN Act requires that an employer provide at least ninety (90) days notice ("Notice") of the termination or mass layoff to the Commissioner of Labor and Workforce

3

Development, the chief elected official of the municipality where the establishment is located, each employee whose employment is to be terminated and any collective bargaining units of employees at the establishment.

21.     When providing Notice of a mass layoff or transfer or termination of operations, N.J.S.A. 34:21-3 requires that an employer provide notification that includes a statement of the number of employees whose employment will be terminated in connection with the mass layoff or transfer or termination of operations of the establishment, the date or dates on which the mass layoff or transfer or termination of operations and each termination of employment will occur.

22.     The Notice must also state the reasons for the mass layoff or transfer or termination of operations.

23.     The Notice must also state whether there is any employment available to employees at any other establishment operated by the employer, and information regarding their benefits, pay and other terms and conditions of that employment and the location of the other establishment.

24.     The Notice must also state the employee's rights with respect to wages, severance pay, benefits, pension or other terms of employment as it relates to the termination, including but not limited to any rights based on a collective bargaining agreement or other existing employer policy.

25.     The Notice must also disclose the amount of severance pay which is payable pursuant to the provisions of the NJ WARN Act.

26.     The Notice must also state that it is the employee's right to receive from the State of New Jersey's response team, information, referral and counseling regarding public programs which may make it possible to delay or prevent the transfer or termination of operations or mass

4

layoff, public programs and benefits to assist the employees, and employee rights based on the law.

27. This Notice must be in writing and provided not later than ninety (90) days prior to the closing, mass layoff, transfer or termination.

28. Transdev failed to give each employee whose employment was to be terminated, the ninety (90) days' notice of such termination as required by the NJ WARN Act.

29. Transdev failed to give each employee whose employment was to be terminated, with a Notice containing the required statements and information as required by the NJ WARN Act.

30. Transdev failed to give Local 819, the collective bargaining unit of the employees at the establishment with ninety (90) days' notice of such termination as required by the NJ WARN Act.

31. Transdev did not transact a sale, transfer or assignment of its Neptune, New Jersey operations, and there is no successor to the Transdev, Neptune, New Jersey operations.

WHEREFORE, Local 819 demands judgment against Defendant Transdev, and:

(1) Order that Transdev failed to provide notification as required by N.J.S.A. 34:21-1 et seq.

(2) Award of severance equal to one week of pay for each full year of employment to each employee whose employment was subject to the mass layoff.

(3) Award of four weeks of additional pay to each employee who was subject to the mass layoff, for Transdev's failure to provide the required ninety (90) day notice.

(4) Order that severance be calculated at a rate of average regular rate of compensation received during the last three years of employment or the final regular rate of compensation paid to the employs, whichever is higher.

(5) Award payment of any and all accrued paid time off to each and every employee.

(6) Award Plaintiff any and all costs of the within Action, including but not limited to reasonable attorneys' fees, compensatory damages including lost wages, benefits and other renumeration for lost wages and severance pay, and such other legal or equitable relief as the Court deems appropriate.

## COUNT II

32.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if full set forth herein.

33.    Transdev failed to provide each employee whose employment was terminated with severance pay equal to one week of pay for each full year of employment.

34.    There has been no waiver of the right to severance by the employees or Local 819.

WHEREFORE, Local 819 demands judgment against Defendant Transdev, and:

(1) Order that Transdev failed to provide notification as required by N.J.S.A. 34:21-1 et seq.

(2) Award of severance equal to one week of pay for each full year of employment to each employee whose employment was subject to the mass layoff.

(3) Award of four weeks of additional pay to each employee who was subject to the mass layoff, for Transdev's failure to provide the required ninety (90) day notice.

(4) Order that severance be calculated at a rate of average regular rate of compensation received during the last three years of employment or the final regular rate of compensation paid to the employs, whichever is higher.

(5) Award payment of any and all accrued paid time off to each and every employee.

(6) Award Plaintiff any and all costs of the within Action, including but not limited to reasonable attorneys' fees, compensatory damages including lost wages, benefits and other

6

renumeration for lost wages and severance pay, and such other legal or equitable relief as the Court deems appropriate.

## COUNT III

35. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if full set forth herein.

36. Transdev failed to give each employee whose employment is to be terminated ninety (90) days' notice of such termination.

37. As a result of its failure to provide the required ninety (90) day notice to each employee whose employment is to be terminated, Transdev must compensate each employee with an additional four (4) weeks of pay.

## COUNT IV

38. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if full set forth herein.

39. Employees who work at Transdev's Neptune location were entitled, on an annual basis, to Paid Time Off complements including but not limited to sick time, vacation time, personal time off (hereinafter collective referred to as "PTO").

40. Employees who worked during the calendar year, were entitled to sick time available for use the following calendar year. Employees would receive their sick time on January 1, and were able to utilize such sick time during that calendar year.

41. Employees were/were not permitted to roll over their accrued sick time.

42. Employees were provided with an annual complement of vacation time.

43. Employees were provided with an annual complement of personal time.

7

44. Upon termination, Transdev failed to provide the terminated employees with a payout of their accrued PTO.

WHEREFORE, Local 819 demand judgment against Defendant Transdev and

(1) Order that Transdev failed to provide notification as required by N.J.S.A. 34:21-1 et seq.

(2) Award of severance equal to one week of pay for each full year of employment to each employee whose employment was subject to the mass layoff.

(3) Award of four weeks of additional pay to each employee who was subject to the mass layoff, for Transdev's failure to provide the required ninety (90) day notice.

(4) Order that severance be calculated at a rate of average regular rate of compensation received during the last three years of employment or the final regular rate of compensation paid to the employs, whichever is higher.

(5) Award payment of any and all accrued paid time off to each and every employee.

(6) Award Plaintiff any and all costs of the within Action, including but not limited to reasonable attorneys' fees, compensatory damages including lost wages, benefits and other renumeration for lost wages and severance pay, and such other legal or equitable relief as the Court deems appropriate.

COHEN, LEDER, MONTALBANO & CONNAUGHTON, LLC
Attorneys for Plaintiff

By: _____
Paul A. Montalbano

By: _____
Brady M. Connaughton

## CERTIFICATION (R. 4:5-1)

8

The plaintiff hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. The plaintiff further certifies that they have no knowledge of any contemplated action or arbitration proceeding which is contemplated regarding the subject matter of this action. The plaintiff further certifies that they are not aware of any other parties who should be joined in this action.

## DESIGNATION OF TRIAL ATTORNEY

In accordance with R. 4:25-4, Paul A. Montalbano, Esq. and Brady M. Connaughton, Esq. of COHEN, LEDER, MONTALBANO & CONNAUGHTON, L.L.C., are hereby designated as trial counsel for the Plaintiff in the above matter.

COHEN, LEDER, MONTALBANO & CONNAUGHTON,LLC
Attorneys for Plaintiff

By: _____
Paul A. Montalbano

By: _____
Brady M. Connaughton

Dated: 10/2/2023

9

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-003076-23

**Case Caption:** AMALGAMATED TRANSIT  UNION  VS TRANSDEV SERVICES,

**Case Initiation Date:** 10/02/2023

**Attorney Name:** PAUL A MONTALBANO

**Firm Name:** COHEN LEDER MONTALBANO & CONNAUGHTON, LLC

**Address:** RIVER CENTER DRIVE 2 669 RIVER DRIVE, STE 125

ELMWOOD PARK NJ 07407

**Phone:** 9082988800

**Name of Party:** PLAINTIFF : Amalgamated Transit Union

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** EMPLOYMENT (OTHER THAN CEPA OR LAD)

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Amalgamated Transit Union? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/02/2023

Dated

/s/ PAUL A MONTALBANO

Signed

# EXHIBIT B

[PM5168]
COHEN LEDER MONTALBANO & CONNAUGHTON
Paul A. Montalbano, Esq.
Brady M. Connaughton, Esq.
*Attorneys for Plaintiffs*
River Drive Center II
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407

SUPERIOR COURT OF NEW JERSEY
MONMOUTH VICINAGE

| | |
|---|---|
| Amalgamated Transit Union Local 819, : | LAW DIVISION |
| : | Civil Action No.: MON-L-003076-23 |
| Plaintiffs, : | |
| : | |
| v. : | **ACKNOWLEDGMENT AND RECEIPT** |
| : | |
| Transdev Services, Inc., : | |
| : | |
| Defendant. : | |
| : | |

I declare, under penalty of perjury, that I received a copy of the Summons and Complaint on behalf of Defendant in the above-captioned matter. I declare that I am authorized to accept service of process of the Summons and Complaint on behalf of Defendant.

Lauren Marcus, Esq.
Attorney for Defendant

October 9, 2023
(Date)

# EXHIBIT C

[PM5168]
COHEN LEDER MONTALBANO & CONNAUGHTON
Paul A. Montalbano, Esq.
Brady M. Connaughton, Esq.
*Attorneys for Plaintiffs*
River Drive Center II
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407

SUPERIOR COURT OF NEW JERSEY
MONMOUTH VICINAGE

| | | |
|---|---|---|
| Amalgamated Transit Union Local 819, | : | LAW DIVISION |
| | : | Civil Action No.:  MON-L-003076-23 |
| Plaintiffs, | : | |
| | : | **AMENDED COMPLAINT** |
| v. | : | **JURY DEMAND** |
| | : | |
| Transdev Services, Inc., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

Plaintiff, Amalgamated Transit Union Local 819 (hereinafter "Local 819" or "Union") with a business address of 186 Brookside Avenue, Irvington, New Jersey 07011, complaining of Defendant, Transdev Services, Inc. ("Transdev") with business addresses of 830 Old Corlies Avenue, Neptune, New Jersey 07753, hereby state:

**PARTIES**

1. Amalgamated Transit Union Local 819 is a labor organization and exclusive representative of employees who are/were employed at Transdev Services, Inc.'s location located in Neptune, New Jersey.

1

2.      Transdev Services, Inc. ("Transdev") is an international transportation company which employs approximately 102,000 employees globally.

3.      Transdev is a corporation which operates in forty-six (46) states, including New Jersey, and employs approximately 32,000 employees in the United States.

4.      Transdev is an operator and integrator of multiple modes of public transportation.

5.      Transdev operates an office located at 830 Old Corlies Avenue, Neptune, New Jersey 07753 ("Neptune location").

6.      Local 819 is the exclusive bargaining representative of the bus operators, mechanics and other employees employed by Transdev at the Neptune, New Jersey facility.

7.      Non-party to this action, New Jersey Transit has, over approximately the past thirty (30) years, maintained a contract with Transdev which was most recently renewed in or about January 2021 wherein Transdev operated the NJT Monmouth County Area Local Bus Service.

8.      Transdev has operated this contract in Monmouth County for NJT for approximately 30 years.

## JURISDICTION

9.      This Court has jurisdiction over this matter pursuant to the Millville Dallas Airmotive Plan Job Loss Notification Act, N.J.S.A. 34:21-1 et seq. ("NJ WARN Act").

10.     Venue is properly laid as Defendant is or was doing business in the State of New Jersey and has a place of business at 830 Old Corlies Avenue, Neptune, County of Monmouth, State of New Jersey 07753.

## FACTUAL ALLEGATIONS

11.     Transdev is an employer which employs more than one hundred (100) employees in the State of New Jersey and in the United States.

12. On or about August 2, 2023, Transdev advised fifty (50) or more employees employed at the Neptune location that they were being permanently terminated from employment.

13. There were more than fifty (50) or more employees reporting to the Neptune location who received notice of such lay off.

14. As set forth in N.J.S.A. 34:21-6, Local 819 is the authorized representative of aggrieved employees employed at Transdev who were advised that their employment was being terminated.

## COUNT I

15. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if full set forth herein.

16. On or about September 30, 2023, Transdev conducted a permanent mass layoff of fifty (50) or more employees at its Neptune location.

17. On or about August 2, 2023, Transdev's Regional Director of Human Resources Sheila Talley provided the Neptune location employees, as well as its exclusive negotiations representative Local 819, through President/Business Agent, Veronica Cobb, with a notice that Transdev was ending its relationship with New Jersey Transit effective September 30, 2023.

18. Transdev also advised that effective September 30, 2023, all Monmouth County routes operated by Transdev were being permanently shut down and all employees in positions affected by the shutdown were being permanently laid off.

19. Transdev provided the Neptune, New Jersey employees whose employment was terminated with fifty-nine (59) days' notice of their permanent layoff.

20. NJ WARN Act requires that an employer provide at least ninety (90) days notice ("Notice") of the termination or mass layoff to the Commissioner of Labor and Workforce

3

Development, the chief elected official of the municipality where the establishment is located, each employee whose employment is to be terminated and any collective bargaining units of employees at the establishment.

21.     When providing Notice of a mass layoff or transfer or termination of operations, N.J.S.A. 34:21-3 requires that an employer provide notification that includes a statement of the number of employees whose employment will be terminated in connection with the mass layoff or transfer or termination of operations of the establishment, the date or dates on which the mass layoff or transfer or termination of operations and each termination of employment will occur.

22.     The Notice must also state the reasons for the mass layoff or transfer or termination of operations.

23.     The Notice must also state whether there is any employment available to employees at any other establishment operated by the employer, and information regarding their benefits, pay and other terms and conditions of that employment and the location of the other establishment.

24.     The Notice must also state the employee's rights with respect to wages, severance pay, benefits, pension or other terms of employment as it relates to the termination, including but not limited to any rights based on a collective bargaining agreement or other existing employer policy.

25.     The Notice must also disclose the amount of severance pay which is payable pursuant to the provisions of the NJ WARN Act.

26.     The Notice must also state that it is the employee's right to receive from the State of New Jersey's response team, information, referral and counseling regarding public programs which may make it possible to delay or prevent the transfer or termination of operations or mass

4

layoff, public programs and benefits to assist the employees, and employee rights based on the law.

27.     This Notice must be in writing and provided not later than ninety (90) days prior to the closing, mass layoff, transfer or termination.

28.     Transdev failed to give each employee whose employment was to be terminated, the ninety (90) days' notice of such termination as required by the NJ WARN Act.

29.     Transdev failed to give each employee whose employment was to be terminated, with a Notice containing the required statements and information as required by the NJ WARN Act.

30.     Transdev failed to give Local 819, the collective bargaining unit of the employees at the establishment with ninety (90) days' notice of such termination as required by the NJ WARN Act.

31.     Transdev did not transact a sale, transfer or assignment of its Neptune, New Jersey operations, and there is no successor to the Transdev, Neptune, New Jersey operations.

WHEREFORE, Local 819 demands judgment against Defendant Transdev, and:

(1) Order that Transdev failed to provide notification as required by N.J.S.A. 34:21-1 et seq.

(2) Award of severance equal to one week of pay for each full year of employment to each employee whose employment was subject to the mass layoff.

(3) Award of four weeks of additional pay to each employee who was subject to the mass layoff, for Transdev's failure to provide the required ninety (90) day notice.

(4) Order that severance be calculated at a rate of average regular rate of compensation received during the last three years of employment or the final regular rate of compensation paid to the employs, whichever is higher.

5

(5) Award payment of any and all accrued paid time off to each and every employee.

(6) Award Plaintiff any and all costs of the within Action, including but not limited to reasonable attorneys' fees, compensatory damages including lost wages, benefits and other renumeration for lost wages and severance pay, and such other legal or equitable relief as the Court deems appropriate.

## COUNT II

32. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if full set forth herein.

33. Transdev failed to provide each employee whose employment was terminated with severance pay equal to one week of pay for each full year of employment.

34. There has been no waiver of the right to severance by the employees or Local 819.

WHEREFORE, Local 819 demands judgment against Defendant Transdev, and:

(1) Order that Transdev failed to provide notification as required by N.J.S.A. 34:21-1 et seq.

(2) Award of severance equal to one week of pay for each full year of employment to each employee whose employment was subject to the mass layoff.

(3) Award of four weeks of additional pay to each employee who was subject to the mass layoff, for Transdev's failure to provide the required ninety (90) day notice.

(4) Order that severance be calculated at a rate of average regular rate of compensation received during the last three years of employment or the final regular rate of compensation paid to the employs, whichever is higher.

(5) Award payment of any and all accrued paid time off to each and every employee.

(6) Award Plaintiff any and all costs of the within Action, including but not limited to reasonable attorneys' fees, compensatory damages including lost wages, benefits and other

6

renumeration for lost wages and severance pay, and such other legal or equitable relief as the Court deems appropriate.

## COUNT III

35. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if full set forth herein.

36. Transdev failed to give each employee whose employment is to be terminated ninety (90) days' notice of such termination.

37. As a result of its failure to provide the required ninety (90) day notice to each employee whose employment is to be terminated, Transdev must compensate each employee with an additional four (4) weeks of pay.

## COUNT IV

38. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if full set forth herein.

39. Employees who work at Transdev's Neptune location were entitled, on an annual basis, to Paid Time Off complements including but not limited to sick time, vacation time, personal time off (hereinafter collective referred to as "PTO").

40. Employees who worked during the calendar year, were entitled to sick time available for use the following calendar year. Employees would receive their sick time on January 1, and were able to utilize such sick time during that calendar year.

41. Employees were/were not permitted to roll over their accrued sick time.

42. Employees were provided with an annual complement of vacation time.

43. Employees were provided with an annual complement of personal time.

7

44. Upon termination, Transdev failed to provide the terminated employees with a payout of their accrued PTO.

WHEREFORE, Local 819 demand judgment against Defendant Transdev and

(1) Order that Transdev failed to provide notification as required by N.J.S.A. 34:21-1 et seq.

(2) Award of severance equal to one week of pay for each full year of employment to each employee whose employment was subject to the mass layoff.

(3) Award of four weeks of additional pay to each employee who was subject to the mass layoff, for Transdev's failure to provide the required ninety (90) day notice.

(4) Order that severance be calculated at a rate of average regular rate of compensation received during the last three years of employment or the final regular rate of compensation paid to the employs, whichever is higher.

(5) Award payment of any and all accrued paid time off to each and every employee.

(6) Award Plaintiff any and all costs of the within Action, including but not limited to reasonable attorneys' fees, compensatory damages including lost wages, benefits and other renumeration for lost wages and severance pay, and such other legal or equitable relief as the Court deems appropriate.

COHEN, LEDER, MONTALBANO & CONNAUGHTON, LLC
Attorneys for Plaintiff

By: _____
Paul A. Montalbano

By: _____
Brady M. Connaughton

8

## CERTIFICATION (R. 4:5-1)

The plaintiff hereby certifies that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. The plaintiff further certifies that they have no knowledge of any contemplated action or arbitration proceeding which is contemplated regarding the subject matter of this action. The plaintiff further certifies that they are not aware of any other parties who should be joined in this action.

### DESIGNATION OF TRIAL ATTORNEY

In accordance with R. 4:25-4, Paul A. Montalbano, Esq. and Brady M. Connaughton, Esq. of COHEN, LEDER, MONTALBANO & CONNAUGHTON, L.L.C., are hereby designated as trial counsel for the Plaintiff in the above matter.

### JURY DEMAND

The Plaintiff demands trial by a jury on all of the triable issues of this Complaint pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

COHEN, LEDER, MONTALBANO & CONNAUGHTON, LLC
Attorneys for Plaintiff

By: _____
Paul A. Montalbano

By: _____
Brady M. Connaughton

Dated: 10/11/2023

9